## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| **PATRICK PIZZELLA,** Acting Secretary of Labor, United States Department of Labor, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: 19-1177 |
| **FOX HARBOR, INC.,** a Wisconsin corporation, and **JESSE WOTRUBA,** individually, | ) ) ) | Equitable and legal relief sought |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiff, **PATRICK PIZZELLA**, Acting Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain Defendants, **FOX HARBOR, INC.,** a Wisconsin corporation, and **JESSE WOTRUBA** individually, (hereinafter collectively referred to as "Defendants"), from violating the provisions of sections 7, 11 and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 et seq.) (hereinafter "the Act"), pursuant to section 17 of the Act; and to recover unpaid overtime compensation owing to Defendants' employees together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

### I

Jurisdiction of this action is conferred upon the court by section 16(c) and 17 of the Act and 28 U.S.C. § 1345.

### II

(A)    Defendant, **FOX HARBOR, INC.** (hereinafter "**FOX HARBOR**"), is and, at all times hereinafter mentioned, was a Wisconsin corporation with an office and place of business located in Brown County at 348 S. Washington Street, Green Bay, Wisconsin, within the

jurisdiction of this Court. **FOX HARBOR** is, and at all times hereinafter mentioned, was engaged in operating a restaurant and in the performance of related types of activities.

(B) **JESSE WOTRUBA** is and, at all times hereinafter, was the owner of **FOX HARBOR** and actively supervised the day-to-day operations and management of **FOX HARBOR** in relation to its employees, including, but not limited to supervising employees, determining pay practices and maintaining authority to hire and fire employees of **FOX HARBOR**. At all times hereinafter mentioned, **JESSE WOTRUBA** is and was engaged in business within Brown County, within the jurisdiction of this Court. **JESSE WOTRUBA** acted directly or indirectly in the interest of **FOX HARBOR** in relation to its employees and is an employer within the meaning of 29 U.S.C. § 203(d).

## III

Defendant, **FOX HARBOR**, is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Act.

## IV

Defendant, **FOX HARBOR**, is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume sales made or business done of not less than $500,000.

2

**V**

Defendants violated the provisions of sections 7 and 15(a)(2) of the Act, by employing employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than 40 hours without compensating said employees for their employment in excess of 40 hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed. Specifically, Defendants failed to pay the half time premium for all hours worked over 40 in a workweek, failed to include non-discretionary bonuses in the regular rate of pay, failed to include cell phones in the regular rate of pay and paid certain servers the additional half time premium based on their cash wage and not based on the minimum wage rate of $7.25 per hour.

**VI**

Defendants, employers subject to the provisions of the Act, repeatedly and willfully violated the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of kitchen staff and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. Part 516. Specifically, Defendants' records failed to show adequately and accurately, among other things, deductions from pay, particularly related to cell phones.

**VII**

During the period since February 14, 2016, Defendants have violated the provisions of the Act as set forth above. A judgment that enjoins and restrains such violations and includes the

restraint of any withholding of payment of unpaid overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

**A.** For an Order pursuant to section 17 of the Act, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the Act; and

**B.** For an Order:

1. pursuant to section 16(c) of the Act, finding Defendants liable for unpaid overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this complaint); or, in the event liquidated damages are not awarded,

2. pursuant to section 17 of the Act, enjoining and restraining the Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from withholding payment of unpaid overtime compensation found to be due their employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

**C.** For an Order awarding Plaintiff the costs of this action; and

**D.** For an Order granting such other and further relief as may be necessary and appropriate.

4

P.O. ADDRESS:
Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn St., Room 844
Chicago, Illinois 60604
Telephone no.:  312/353-3481
Facsimile no.: 312/353-5698
E-mail:sewell.margaret@dol.gov

**KATE S. O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

s/ Margaret A. Sewell
**MARGARET A. SEWELL**
Senior Trial Attorney
IL Bar #6243855

/s/Linda J. Ringstad
**LINDA J. RINGSTAD**
Counsel for Wage and Hour

Attorneys for **PATRICK PIZZELLA**,
Acting Secretary of Labor, United States
Department of Labor, Plaintiff

## **EXHIBIT A**

Boyle, Leslie
Brock, Stepahnie
Dubois, Suzanne
Duquaine, Abby
Duckett, Justin
Efferson, Kathleen
Frostman, Anne
Griggs, Stewart
Henry, Tyler
Katers, Andrew
Mulvey, Natalie
Niemi, Chad
Rentmeester, Jason
Schaefer, Anthony
Stowe, Aaron
Teller, Wayne
Van Pay, Adam
White, Darryl