UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

**PATRICK PIZZELLA,** Acting Secretary )
of Labor, United States Department of Labor, )
)
                  Plaintiff, )
)
     v. )   Civil Action No.: 19 CV 01177
)
**FOX HARBOR, INC.,** a Wisconsin corporation, )   Equitable and legal relief sought
and **JESSE WOTRUBA,** individually, )
)
                  Defendants. )

## CONSENT JUDGMENT

Plaintiff, **PATRICK PIZZELLA**, Acting Secretary of Labor, United States Department of Labor ("**PLAINTIFF**"), having filed his Complaint and Defendants, **FOX HARBOR, INC. ("FOX HARBOR")**, a Wisconsin corporation and **JESSE WOTRUBA**, individually (collectively referred to as "**DEFENDANTS**"), having acknowledged receipt of the Complaint and waiving service thereof, and having been duly advised in the premises, agree to the entry of this judgment without contest under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, (hereinafter the "Act" or "FLSA").

**NOW**, therefore, upon motion for the attorneys for **PLAINTIFF** and **DEFENDANTS**, and for cause shown:

**JUDGMENT IS HEREBY ENTERED** against **DEFENDANTS** pursuant to sections 16(c), 16(e) and 17 of the Act. 29 U.S.C. §§ 216(c), 216(e) and 217.

**DEFENDANTS** admit that Defendant, **FOX HARBOR**, is an enterprise engaged in commerce within the meaning of sections 3(r) and 3(s)(1)(A) of the Act. The court finds, based

on this admission, that **FOX HARBOR** is responsible for the provisions set forth in this Consent Judgment.

**DEFENDANTS** admit that Defendant **JESSE WOTRUBA**, individually, acted directly or indirectly in the interest of the corporate Defendant **FOX HARBOR** and thereby is considered to be an "employer" under section 3(d) of the Act. The court finds, based on this admission, that **JESSE WOTRUBA** is an employer and individually responsible for the provisions set forth in this Consent Judgment.

**I**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, pursuant to section 17 of the Act, that **DEFENDANTS**, their officers, agents, servants, employees and all other persons in active concert or participation with them are hereby permanently enjoined and restrained from violating the provisions of the Act in any of the following manners:

A. **DEFENDANTS** shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than 40 hours, unless such employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rates at which he is employed, or such employee is exempt from the overtime provisions of the Act.

B. **DEFENDANTS** shall not fail to make, keep, and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended,

pursuant to section 11(c) of the Act and found at 29 C.F.R. part 516. This includes, but is not limited to, maintaining records of all hours worked by each employee on each workday and in each workweek, and records of compensation paid to each employee in each workweek, including records of deductions.

II

As an additional compliance measure, Defendants agree to train all managers and wait staff that any sharing of tips with kitchen staff by servers is voluntary and not a requirement of Defendants. Defendants agree to conduct this training session by May 1, 2019. A written certification acknowledging such training has been conducted will be submitted by Defendants to the U.S. Department of Labor, Wage and Hour Division, Minneapolis District Office, Tri-Tech Center, Suite 920, 331 Second Avenue South, Minneapolis, MN 55401.

III

**FURTHER, JUDGMENT IS HEREBY ENTERED,** pursuant to section 16(c) of the Act, in favor of the **PLAINTIFF** and against **DEFENDANTS** in the total amount of $13,821.10.

**A**. **DEFENDANT**S shall pay to **PLAINTIFF**, the sum of $6,910.55, less all lawful employee deductions and withholdings as described in Paragraph IVA below, which represents the overtime compensation hereby found due to the individuals named in Exhibit A, attached hereto and made a part hereof, for the time periods from February 14, 2016 through February 11, 2018.

**B**. **DEFENDANTS**, shall further pay to **PLAINTIFF**, as liquidated damages, the additional sum of $6,910.55, as described in Paragraph IVB below, hereby found due to the

individuals named in Exhibit A, for the time periods from February 14, 2016 through February 11, 2018.

IV

The monetary provisions of this judgment shall be deemed satisfied by Defendants, upon the following:

**A.** With respect to the back wage amount of $6,910.55, **DEFENDANTS** shall pay to **PLAINTIFF,** by July 1, 2019, separate checks, payable to each individual named in Exhibit A, in the net amount, after withholding applicable Social Security, Medicare, federal income and state income taxes and other withholdings required by law. Each check shall be made payable to the order of the individual or the "Wage and Hour Div., Labor" as alternative payees (*e.g.,* the first check should read "PAY TO THE ORDER of JANE DOE or the Wage and Hour Div., Labor"). Defendants shall provide to Plaintiff a schedule in duplicate, showing the full name, last-known address, social security number, gross amount due, net amount due, and total amount of withholding for each individual named in Exhibit A. Defendants shall issue a W-2 tax form to each individual for whom payment is made. Defendants shall remain responsible for paying their share of any applicable taxes to the appropriate State and Federal revenue authorities, as well as any other statutory or regulatory payment obligations not otherwise mentioned herein. The separate checks and the schedule described above shall be sent to the U.S. Department of Labor, Wage and Hour Division, Minneapolis District Office, Tri-Tech Center, Suite 920, 331 Second Avenue South, Minneapolis, MN 55401.

In the event any check is not accepted for payment within 6 months of issuance, Defendants shall reissue a single check to the "Wage and Hour Div, Labor" in the total net

amount of proceeds due. The check shall be sent to the U.S. Department of Labor, Wage and Hour Division, P.O. Box 2638, Chicago, Illinois 60690-2638. Defendants shall remain responsible for paying their share of any applicable taxes to the appropriate State and Federal revenue authorities.

 **B.** With respect to the $6,910.55 of liquidated damages, **DEFENDANTS** shall pay to **PLAINTIFF,** by July 1, 2019, separate checks, payable to each individual named in Exhibit A. Each check shall be made payable to the order of the individual or the "Wage and Hour Div., Labor" as alternative payees (*e.g.,* the first check should read "PAY TO THE ORDER of JANE DOE or the Wage and Hour Div., Labor"). Defendants shall provide to Plaintiff a schedule in duplicate, showing the full name, last-known address, social security number, for each individual named in Exhibit A. Defendants shall issue a 1099 tax form to each individual for whom payment is made. Defendants shall remain responsible for paying their share of any applicable taxes to the appropriate State and Federal revenue authorities, as well as any other statutory or regulatory payment obligations not otherwise mentioned herein. The separate checks and the schedule described above shall be sent to the U.S. Department of Labor, Wage and Hour Division, Minneapolis District Office, Tri-Tech Center, Suite 920, 331 Second Avenue South, Minneapolis, MN 55401.

 In the event any check is not accepted for payment within 6 months of issuance, Defendants shall reissue a single check to the "Wage and Hour Div, Labor" in the total net amount of proceeds due. The check shall be sent to the U.S. Department of Labor, Wage and Hour Division, P.O. Box 2638, Chicago, Illinois 60690-2638. Defendants shall remain

responsible for paying their share of any applicable taxes to the appropriate State and Federal revenue authorities.

**IV**

**DEFENDANTS** shall not request, solicit, suggest or coerce, directly or indirectly, any current or former employee to return or to offer to return to the **DEFENDANTS** or to someone else for the **DEFENDANTS** any money in the form of cash, check or in any other form, for wages previously due or to become due in the future to said employees under the provisions of this judgment or the Act; nor shall **DEFENDANTS** accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check or any other form for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor shall **DEFENDANTS** discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate against any such employee because such employee has received or retained money due from the **DEFENDANTS** under the provisions of this judgment or this Act.

**V**

**FURTHER,** it is agreed by the parties herein and hereby **ORDERED** that each party bear his, hers or its own fees and other expenses incurred by such party in connection with any stage of this proceeding to date with no costs, including, but not limited to, any and all costs referenced under the Equal Access to Justice Act, as Amended

**FURTHER,** it is agreed by the parties that this Court shall retain jurisdiction of this matter to enforce the terms and conditions of the Consent Judgment.

All of which is **ORDERED** this 20th day of August, 2019.

s/William C. Griesbach<br>William C. Griesbach, Chief Judge U.S. District Court

| | |
|---|---|
| Defendants hereby consent to the entry of this judgment on this <u>15th</u> day of <u>August</u>, 2019. | **PATRICK PIZZELLA,** Acting Secretary of Labor, United States Department of Labor |
| | By: |
| **FOX HARBOR, INC.,** | **KATE S. O'SCANNLAIN**<br>Solicitor of Labor |
| /s/ Jesse Wotruba<br>By: Its Owner | **CHRISTINE Z. HERI**<br>Regional Solicitor |
| /s/ Jesse Wotruba<br>**JESSE WOTRUBA,** individually | /s/ Margaret A. Sewell<br>**MARGARET A. SEWELL** |
| | Attorneys for **PATRICK PIZZELLA**<br>Acting Secretary of Labor, United States Department of Labor<br>United States Department of Labor<br>Office of the Solicitor<br>230 S. Dearborn Street, Suite 844<br>Chicago, Illinois 60604<br>Telephone No.: 312-353-3481<br>Sewell.Margaret@dol.gov |

Approved as to form:

/s Geoffrey A. Lacy
**GEOFFREY A. LACY**
Attorney for Defendants

Strang, Patteson, Renning, Lewis & Lacy, S.C.
205 Doty Street, Suite 201
Green Bay, Wisconsin 54301
Office: (844) 833-0824
GLacy@stangpatteson.com